McFarlAND, J.,
delivered the opinion of the court.
This action is against the Nashville & Chattanooga Railroad Company, as common carrier, for failing to transport, according to contract, a lot of-from Nashville to Bristol’. There was verdict and judgment for the plaintiff below, and the defendant has appealed in error.
The declaration is in the form of trespass on the case — the defendant filed a plea of not guilty in manner and form charged, and gives notice that he will rely upon the following defenses — and among the number is the following: “4th. That the plaintiff’s action is barred by the statute of limitations.” No exception was taken to the sufficiency of this notice, either by demurrer or motion to strike out, or otherwise. Nor was any order of the court made in reference thereto. The proof disclosed the dates of the transaction, and when the plaintiff’s cause of action accrued. In his charge, the Circuit Judge instructed the jury that the defense of the statute of limitations was not so presented as to be looked to at all.
Under our laws the defendant has his election, to plead in either of two modes — that is, in the form used at common law, or under sections 2913-2915, he may plead a general denial and give notice of his real defenses.
It is settled that such notices should be as certain and definite as a plea — 2 Col., 96; 1 Heis., 208— and by the express provisions of the Code, if they are insufficient, they may be stricken out on motion. Code, *577 2915. And “If any pleading is bad for duplicity, is unnecessarily prolix, irrelevant or frivolous, it may be stricken out at the cost of the party so pleading, on the motion of the adverse party, or by the court of its own motion.” Section 2882 Code.
It is clear that this notice is not stated with the certainty of a plea, and therefore not sufficient, and if a motion had been made by the plaintiff to strike out, the motion should have been entertained. It is not so clear that it is the sort of plea or motion that under section 2882, the court was authorized of its own motion to strike out, for it is certáinly not double or prolix, nor does it come clearly under the description of being irrelevant or frivolous. It was a notice of a good defense, but was defectively stated. But, whether or not it would have been proper for the court of its own motion to strike out this notice, need not be definitely determined, for this was not done, but the notice allowed to remain.
The question is, wás the court correct, when no motion had been made to strike out this notice, nor any action taken thereon by the court, either by striking it out of its own motion, or by directing a more specific statement to be made, in instructing the jury to take no notice of this defense, thereby disregarding the notice altogether.
In Grant v. Jennings, 1 Col., 54, it was held, that a plea in these words: “ The defendants plead non-assumpsit, payment and set-off,” signed by attorney, and “Replication and issue,” signed by the plaintiff’s attorney, were frivolous, and there was no error in *578 the court rendering judgment by default for want of a plea, upon motion of the plaintiff. But it is said, “ if the parties shall choose to go to trial upon such issues, and the court, regardless of the positive injunction of the statute, shall tolerate them in doing so, we think the objection to such pleading could not be taken after verdict by either party.”
Here the parties go to trial, without notice or objection to. the defendant’s notice of defense. If a verdict had been found that the plaintiff’s action was barred by ■ the statute of limitations, would the parties afterwards have' been allowed to take advantage of the defect in the notice? Under the above authority, we should say not. It may be said, that the charge of the court in excluding this defense from the jury, was equivalent to striking out the notice by the court of its own motion. But there would be a material difference if this action had been taken by the court before the trial. Then the defendant coüld have availed himself of his right to amend; but after the ■court took this action for the first time in his charge to the jury, _ it was too late to amend. By the Code, secs. 2884-2885, it is provided that when pleading does not convey a reasonable certainty of meaning, the court shall upon motion direct a more specific statement.
We do not say, that there may not be cases where the plea or notice is so utterly frivolous, indicating no defense whatever, that the court might not disregard it altogether; but where a plea or notice, indicating a valid or meritorious defense, is defectively *579 stated, in such case a more specific statement should be required or the same stricken out, because not sufficiently stated; and this action should be taken before the trial, to the end that the party may avail himself of his rights to amend, and not be taken by surprise on the trial. This notice, if true, indicates a valid defense, and although defectively stated, there was no great uncertainty as to the statute relied upon, - as there was but one, applicable.
"We are of opinion that the parties having gone to trial on this notice of defense, ''the court should have instructed the jury upon the statute of limitations applicable to the cause of action.
Eor this error, the judgment will be reversed.